UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,          :

         – *against* –                    :

KHALID BARNES,                     :

           Defendant.          :

--------------------------------------------------------x

S2 04 Cr. 186 (LAP)

**DECLARATION IN SUPPORT
OF MOTION FOR SENTENCE
REDUCTION PURSUANT TO
18 U.S.C. § 3582(c)(1)(A)**

(Filed Electronically)

STATE OF NEW YORK    )
                              )
COUNTY OF NEW YORK  )

      JOSHUA L. DRATEL, pursuant to 28 U.S.C. §1746, hereby affirms under penalty of perjury:

      1.  I am a lawyer, and I was appointed on July 22, 2024, pursuant to the Criminal Justice Act ("CJA") to represent defendant Khalid Barnes in the above-captioned case. I make this Declaration in support of Mr. Barnes' motion, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act ("FSA"), P.L. 115-391, for an Order modifying Mr. Barnes's sentence to time served, and/or reducing his sentence of life imprisonment to a term of years.

      2.  As detailed and explained in the accompanying Memo of Law, there are multiple reasons why Mr. Barnes's motion should be granted.  Among them is the exceptional character of the capital prosecution against Mr. Barnes, and the disparity it produced by essentially compelling Mr. Barnes to proceed to trial in a capital prosecution.

      3.  Defendant Khalid Barnes was arrested March 1, 2004, and subsequently was indicted in the Southern District of New York as one of 13 defendants charged in a 29-count Superseding

Indictment alleging the existence of a narcotics racketeering enterprise.

4.  I was appointed February 1, 2005, to serve as Mr. Barnes's capital counsel.  David A. Ruhnke, Esq., was appointed as learned counsel, and Erik B. Levin, Esq., (at the time) a full-time associate in my firm, was appointed as well as a member of the defense team.

5.  In December 2005, the Attorney General directed the Southern District New York to seek the death penalty against Mr. Barnes.  Upon information and belief, the Attorney General's decision to authorize a capital prosecution against Mr. Barnes overruled the local determination by the Southern District New York U.S. Attorney's Office.

6.  The Attorney General's decision to overrule the Southern District of New York was compounded by the government's refusal to extend an offer to Mr. Barnes that would resolve the case without a trial.

7.  My colleagues and I recognized that pleading guilty to the Indictment would mean pleading guilty to a capital offense, and thus we advised Mr. Barnes accordingly.  Mr. Barnes was ultimately left without any other option but to proceed to trial.

8.  At trial, my colleagues, with Mr. Barnes's consent, did not vigorously contest the homicide charges.  Instead, we concentrated on other alleged violence (charged as racketeering acts and related substantive offenses) in which Mr. Barnes participated, and for which the government's evidence was based on uncorroborated and unreliable testimony from a single cooperating witness.

9.  During the defense summation, I did not ask the jury to acquit Mr. Barnes on the homicide counts.  Rather, I began by simply stating to the jury, "the verdict is your province, and we will respect the decision that is your responsibility to make[,]" and closed by repeating that it

was "confident that you will [examine the evidence] and render a just and correct verdict, and, as Mr. Levin said at the opening and I said earlier, we will respect whatever it is." Transcript, May 8, 2008, at 6250, 6278 (Dkt. 450).

10. While the jury convicted Mr. Barnes of the homicides, it acquitted Mr. Barnes on eight counts related to the allegations of other violent conduct referred to **ante**, in ¶ 8 (including companion firearms offenses predicated on the substantive counts).

11. Filed herewith are a Notice of Motion and a Memorandum of Law (with Exhibits) in support of Mr. Barnes's §3582 motion. The bases for the motion are set forth in the accompanying Memorandum of Law, and it is respectfully requested that the facts set forth within the Memorandum of Law be incorporated by reference in this Declaration.

WHEREFORE, it is respectfully requested that the Court grant Mr. Barnes's Motion in its entirety, and reduce his sentence to time served.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. 28 U.S.C. §1746.

Executed January 30, 2026

/S/ Joshua L. Dratel
JOSHUA L. DRATEL